IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ray H. Smith, Jr. | : | |
| Plaintiff | : | Case No. 2:06-cv-568 |
| v. | : | Judge Sargus |
| Terry Collins, et al., | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation (doc. 59) and Defendants' response to Plaintiff's objections (doc. 60). For the reasons below, Plaintiff's objections are OVERRULED. Plaintiff's motion (doc. 38) to reconsider is DENIED, Defendants' motion (doc. 39) to reconsider is GRANTED, Plaintiff's motion for sanctions (doc. 43) is DENIED, and Defendants' motion for summary judgment (doc. 45) is GRANTED.

**Background and Procedural Posture**

Plaintiff Ray H. Smith, an inmate at Lebanon Correctional Institution (LeCI), brought suit pursuant to 42 U.S.C. § 1983 alleging that in January 2006 his work supervisor, Defendant Alicia Stoney, retaliated against him–for filing an informal complaint–by demoting him. (Doc. 3, pp. 5-6.) The complaint alleges that on January 24, 2006, while working in the shipping department at LeCI, Smith discovered sub-standard temporary tags. (*Id.* at 5.) The complaint further pleads that he informed his

1

shop supervisor, Defendant Stoney, who told him to send the tags back to be fixed. (*Id.*) Inmate Courtney allegedly took the tags to be fixed and complained to another worker that if Smith had not brought the tags to Stoney's attention he was going to pass them as up to standards. (*Id.*) The complaint pleads that Courtney started an argument with Smith over the rejected tags and told Smith that he would go to Stoney and have him moved to another station. (*Id.*) After Courtney talked to Stoney, Smith alleges that Stoney told him that Courtney was in charge and "what he says goes." (*Id.* at 7.)

These events prompted Plaintiff to file an informal complaint resolution form on January 25, 2006, with the O.P.I. Industrial Manager James Gregory Osborn. The informal complaint states that Plaintiff was worried about losing his job because of the personal relationship between Stoney and Courtney. (Doc. 45, Ex. F, Add. A.) On January 25, 2006, Stoney and her direct supervisor, William Reffitt, met with Smith concerning his ability get along with inmate Courtney. (Doc. 45, Ex. D-E.) On January 27, 2006, Plaintiff was given a special job evaluation by Stoney and Reffitt where he received medium-high to high marks in several areas, but a middle mark in the "attitude" category: His score on a scale of 70 was 53. (Doc. 45, Ex. G, Ohio Department of Rehabilitation & Correction Inmate Evaluation Report, Ex. D-E.) In addition, they wrote in the comment section: "Progressive action. Demote to pay grade 2-carder. Inability to cope and poor attitude towards staff and co-workers. Strive to improve self control, work ethic, and integrity/end." (Doc. 45, Ex. G.) On the prior six reports Plaintiff received high marks and favorable evaluations. (Doc. 48, Ex. 4-9.)

2

In a second informal complaint filed on January 27, 2006, with Osborn, Plaintiff alleges that he received the demotion as retaliation for his January 25, 2006, informal complaint. (Doc. 45, Ex. F, Add. B.) On January 31, 2006, Defendant Osborn responded to both complaints. With respect to the first complaint, Osborn informed Plaintiff that he is in the wrong forum for addressing what another inmate does and does not do and that he finds no favoritism by Stoney. (Doc. 45, Ex. F, Add. A.) With respect to the second complaint, Osborn explained to Plaintiff that there could not have been a retaliation because no one knew of the first complaint. (Doc. 45, Ex. F, Add. B.) Osborn further explained that he was also not aware of the first complaint until Plaintiff brought it to his attention. (*Id.*) Plaintiff's complaint alleges that Osborn has a reputation about lying in favor of Stoney, and Osborn indicated that he was going to do whatever it takes to protect Stoney. (Doc. 3, p. 7.)

Plaintiff followed up on his informal complaint by filing notifications of grievances on February 12 and 14, 2006, with respect to the matters complained of in his informal complaints. The Institutional Inspector, April Barr, investigated the claims by conducting interviews with Stoney and Courtney. (Doc. 3, p. 8; Doc. 8, p. 2.) Plaintiff's complaint alleges that the investigations were a sham because Stoney was merely asked if she retaliated against him, and the interview ended once she said she had not. (Doc. 3, p. 8.) Plaintiff filed an appeal with the Chief Institutional Inspector regarding his prior grievances and also stated that the Institutional Inspector was impaired in her ability to do her job as she let her personal relationships with the staff control her judgment. (*Id.*)

3

The Chief Inspector ruled that there was not enough evidence to support Plaintiff's claims. (*Id.*) Plaintiff contends that he has "10-15 inmates willing to give sworn statements, and sign affidavits, that they had either witnessed or been subjected to acts of retaliation by Stoney." (*Id.*) Plaintiff has not provided any sworn statements to the Court.

On February 20, 2007, Plaintiff filed a motion to compel production of documents (doc. 28) to which Defendants responded (doc. 29). The Magistrate Judge issued an order granting in part and denying in part the motion. (Doc. 37.) Both parties moved the Court to reconsider. (Docs. 38, 39.) Plaintiff also filed a motion for sanctions against Defendants (doc. 43), to which Defendants responded (doc. 47). Plaintiff replied to the response. (Doc. 51.)

On May 25, 2007, Defendants moved the Court for summary judgment. (Doc. 45.) Plaintiff responded (doc. 48), and Defendants replied to Plaintiff's response (doc. 49). The Magistrate Judge issued a Report and Recommendation on July 24, 2007. (Doc. 54.) The Magistrate recommended that Defendants' motion for summary judgment (doc. 45) be granted, Defendants' motion (doc. 39) to reconsider his April 19, 2007, Order (doc. 37) be granted, and Plaintiff's April 29, 2007, motion (doc. 38) to reconsider the April 19, 2007, Order (doc. 37) and Plaintiff's May 24, 2007, motion for sanctions (doc. 43) be denied. On August 17, 2007, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. (Doc. 59.) Defendants responded to Plaintiff's objections. (Doc. 60.)

4

**Summary Judgment Standard**

Summary judgment is governed by Rule 56 (c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *See also Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."*Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *See Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold,*

5

*Inc.*, 369 U.S. 654, 655 (1962); *Bell v. United States*, 355 F.3d 387, 392 (6th Cir. 2004).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

### Plaintiff's Objections Relating to Recommending Summary Judgment

Plaintiff first objects to the Magistrate Judge's omission of some of the averments pleaded in his complaint (doc. 3, pp. 5-7) but which were not recited in the Report and Recommendation. (Doc. 59, pp. 5-6.) Plaintiff claims that the Magistrate Judge failed to include that inmate Courtney bragged that the institutional inspector guaranteed him that he does not have to worry about Plaintiff's anticipated lawsuit. (*Id.* at 5.) Plaintiff also claims the failure to recite that he was labeled a "snitch," was "blackballed," and

6

Stoney subjected him to continuous acts of harassment. (*Id.*) These avernments were omitted from the Report and Recommendation because they were either unsubstantiated and amounted to mere allegations, *see* Fed. R. Civ. P. 56(e), or did not have a bearing on granting or denying summary judgment. *see* Fed. R. Civ. P. 56(c).

The Plaintiff next objects to the Magistrate Judge's reference to Mr. Reffitt's affidavit in the Report and Recommendation. He argues that this is improper since he had already argued and proved that Mr. Reffitt's affidavit contains several perjured statements. (Doc. 59, p. 6.) Plaintiff did not prove anything to the Court. Instead, Plaintiff directs the Court to inconsistencies in the record, including Mr. Reffitt's affidavit, that are not material to granting or denying summary judgment. For example, the Plaintiff's precise job title does not affect whether or not summary judgment is proper. At most, it is a trivial misstatement in the record.

In support of the second objection above, Plaintiff points the Court to Defendants' assertion, in their reply to Plaintiff's response in opposition to summary judgment, that Osborn neither admits his guilt nor admits that he supported Defendant Stoney's actions. (Doc. 59, p. 8.) He argues that this assertion "is in clear contradiction to the statements made by Defendant Osborn in his Affidavit,"which states that Osborn agreed with the Plaintiff's reassignment for shop harmony. (*Id.*) While the Court understands that Plaintiff is a *pro se* litigant, Plaintiff's objection reflects a misunderstanding of the record before the Court. Plaintiff's argument assumes that Stoney's conduct violated Plaintiff's constitutional rights and as a result Osborn, by

7

agreeing with Stoney, violated Plaintiff's rights. (*See id.*) Defendants' response, given this assumption, does not reflect an inconsistency or perjury. Rather, it reflects a disagreement with Plaintiff making the assumption above in light of his failure to come forward with evidence to support his claim.

Plaintiff also objects to the Report and Recommendation considering Defendant Stoney's sworn testimony presented in affidavit form. (Doc. 59, p. 7.) Plaintiff argues that the affidavit was not supported by either facts or evidence. (*Id.*) Plaintiff's argument reflects a misunderstanding on the presentation of evidence to the Court. The sworn affidavit was meant to be evidence supporting Defendants' position. Plaintiff is equally entitled to present countervailing evidence to the Court in affidavit form.

Plaintiff further objects to the Magistrate Judge considering Stoney's affidavit as uncontroverted. (Doc. 59, p. 11.) Plaintiff argues that the affidavit cannot be uncontroverted because Stoney's journal notes does not contain any entry concerning January 24, 2006, Courtney saw Plaintiff filing the first informal complaint and informed Defendant Stoney, and the Defendants presented no evidence other than their own affidavits. (*Id.* at pp. 11-12.) The first contention fails to recognize that the journal notes "document[] *meetings and discussions*" between Stoney and inmate employees. (Doc. 45, Ex. D, ¶ 5) (emphasis added). The second contention raises an allegation with no supporting evidence. Also, it appears that this is the first time Plaintiff is making the allegation that inmate Courtney saw Plaintiff filing the first informal complaint. The third contention fails to recognize that Defendants provided the Court with sworn

8

affidavits under the penalty of perjury including their own and that of William Reffitt (while Plaintiff has provided the Court with allegations). Although Plaintiff's allegations in his complaint were sufficient to go forward with the lawsuit, they are insufficient to withstand the current motion for summary judgment.

In addition to the objections above, Plaintiff objects to the Report and Recommendation's position that Plaintiff cannot successfully bring a claim against Defendants Collins and Moore. (Doc. 59, pp. 8-9.) Plaintiff argues that Director Collins and Warden Moore became responsible in the course of their supervisory responsibilities for constitutional violations that they failed to correct. (*Id.*) Plaintiff further argues that, though they were not personally involved, they were confronted with evidence of a constitutional violation and had a duty to conduct at least a minimal investigation. (*Id.*) However, even if this is an accurate statement of Collins' and Moore's duty, Plaintiff provides no sworn affidavits or other evidence that Collins and Moore knew of the alleged constitutional violations. See Fed. R. Civ. P. 56(e). Rather he rests on assertions made at various points in his pleadings.

### Objections Discussing the Eight Amendment

Plaintiff objects to the Report and Recommendation failing to consider his alleged Eight Amendment claim. The first line of the statement of claim, in Plaintiff's complaint, alleges that "[t]his is a case of blatant retaliation against an inmate for utilizing the prison grievance system." (Doc. 3, p. 5.) The complaint later pleads that "[o]nce the Institutional Inspector let it [be] known that nothing was going to happen

9

concerning my claims. I was labled [sic] a 'snitch' and a 'troublemaker' by the O.P.I supervisory staff, and 'blackballed' from transferring from another shop." (*Id.* at p. 7.) Other than the latter assertion, Plaintiff offers no evidence that he suffered an Eight Amendment violation. Defendants are entitled to move the Court for summary judgment and Plaintiff cannot rest on mere allegations in his pleadings at this juncture. *See* Fed. R. Civ. P. 56(e), *Celotex*, 477 U.S. 317.

**Objections Relating to the Motions for Reconsideration and Sanctions**

Plaintiff objects to the Magistrate Judge's decision to deny his motion for reconsideration and his motions for sanctions. (Doc. 59, p. 10.) Although it is not entirely clear what Plaintiff is arguing as the basis for his objection, it appears that he is arguing that those individual who provided sworn affidavits are witnesses and, as a result of Rule 406 of the Federal Rules of Evidence, he is entitled to the documents requested. (*See id.*) It seems that, since the objection relates to docket entry 38, Plaintiff is objecting to the denial of Request 8 in his motion to compel discovery. (See Docs. 28, 37.) Under Request 8 Plaintiff requested "[a]ny and all Job Evaluation[s] given to inmates by defendants in which the inmate lost his job within the past three years that is [in the] possession of the defendants or their agents." (Doc. 28, Ex. 1.) However, given Plaintiff's suit revolves around his allegation of retaliation, this request is overly broad and not sufficiently targeted to discover relevant information. *See* Fed. R. Civ. P. 26(b). Plaintiff later clarified that Request 8 was only for job evaluations completed by Stoney. (Doc. 38.) He further clarified that the targeted documents "will show that most of the

10

job evaluations in which the inmate lost his job . . . [there was] retaliation for said inmate having an argument with inmate Courtney just prior to the 'special' job evaluation . . . ." (*Id.*) This narrowed down version of Plaintiff's request should also be denied since the crux of Plaintiff's claim is that Stoney retaliated against him for filing an informal complaint with Osborne and not that Stoney retaliated against him for being in an argument with Courtney. (*See* Doc. 3, p. 6-7.)

Plaintiff also objects to the Magistrate Judge's refusal to sanction Defendants. (Doc. 59, p. 10.) Plaintiff argues that Defendants failed to file their discovery before the April 20, 2007, deadline as ordered by the Court in docket entry 24. (*Id.*) Plaintiff further argues that Defendants did not comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure, which provides for automatic initial disclosures. (*Id.*) Plaintiff's first argument reflects a misunderstanding of the Court's order and conducting discovery in general. Defendants were not required to file their discovery with the Court. Further, the Court cannot compel Defendants to conduct discovery although it may be to Defendants' benefit to do so. Plaintiff's second argument fails to consider Rule 26(a)(1)(E)(iv) of the Federal Rules of Civil Procedure. Rule 26(a)(1)(E)(iv) provides that a proceeding involving "an action brought without counsel by a person in custody of the United States, a state, or a state subdivision" is exempted from Rule 26(a)(1). Plaintiff is proceeding *pro se* and is a prisoner at Lebanon Correctional Institution. Therefore, Rule 26(a)(1)(E)(iv) applies.

**Plaintiff's Other Objections**

11

In addition to the objections above, Plaintiff objects to the Magistrate Judge issuing a Report and Recommendation before ruling on pending motions. (Doc. 59, p. 13.) Specifically, Plaintiff objects to issuing the Report and Recommendation before ruling on Defendants' motion for reconsideration on documents that the Court ordered to be turned over. (*Id.*) However, the Report and Recommendation did dispose of Defendants' motion for reconsideration. (Doc. Doc. 54, p. 14.) Plaintiff also argues that there was a petition pending, whereby he requested the Court's help in forwarding question forms to witnesses, and the Magistrate Judge should not have issued the Report and Recommendation before ruling on his request. (Doc. 59, p. 13.) Plaintiff fails to provide the Court with the docket entry he is referring to and the docket report does not indicate that there is such a petition pending. See *Bridegeport Music, Inc. v. Crited Music, Inc.*, 2006 WL 1129378, *1 n.1 (M.D. Tenn. Apr. 26, 2006) (explaining that "it is not the Court's duty to search the docket record").

For the reasons above, Plaintiff's objections are OVERRULED. Plaintiff's motion (doc. 38) to reconsider is DENIED, Defendants' motion (doc. 39) to reconsider is GRANTED, Plaintiff's motion for sanctions (doc. 43) is DENIED, and Defendants' motion for

summary judgment (doc. 45) is GRANTED. The Clerk of Court is **DIRECTED** to enter final judgment.

s/
Edmund A. Sargus, Jr.
United States District Judge

12